# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In Re  Fastrack Medical Supplies, Inc.,          )
                                                 )
                                                 )    Bankruptcy No.  12-43245
                                                 )
                                                 )
                       Debtor.                   )    Chapter   7

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
### (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: _____ R. Scott Alsterda, Chapter 7 Trustee _____

Authorized to Provide Professional Services to: _____ R. Scott Alsterda, Chapter 7 Trustee _____

Date of Order Authorizing Employment: _____ October 31, 2012 - Appointment _____

Period for Which Compensation is Sought:
From _____ January 25 _____, 2013 through _____ September 15 _____, 2016

Amount of Fees Sought:  $ 1,265.08

Amount of Expense Reimbursement Sought:  $ 7.51

This is an:    Interim Application _____    Final Application  ✔

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |

Dated:  December 22, 2016                    R. Scott Alsterda, Chapter 7 Trustee
                                                          (Counsel)

(Rev 11/19/10)

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| FASTRACK MEDICAL SUPPLIES, INC., | ) | Case No. 12-43245 |
| | ) | Honorable Donald R. Cassling |
| Debtor. | ) | |
| | ) | |

**TRUSTEE'S FIRST AND FINAL APPLICATION
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

NOW COMES R. SCOTT ALSTERDA, Trustee herein, pursuant to 11 U.S.C. §330, and requests the allowance of $1,265.08 as compensation and $7.51 for expenses, no amount of which has previously been paid.

**I.    COMPUTATION OF COMPENSATION**

The Trustee performed at least 5.50 hours of services on behalf of the estate for the period from January 25, 2013 through September 15, 2016 with a value of $2,640.00, exclusive of the additional time spent by the Trustee in reviewing monthly bank statements, preparing and filing the Trustee's Final Report and this Application, attending the hearing on the Trustee's Fee Application and Final Report, issuing the distribution checks and preparing and filing the Trustee's Final Account. The value of the time spent by the Trustee in this case approximates the fee amount which the Trustee can be awarded pursuant to 11 USC § 326. A detailed description of the tasks performed by the Trustee is attached hereto as Exhibit "A" and a copy of the Trustee's detailed time records for this case from January 25, 2013 through September 15, 2016 is attached hereto as Exhibit "B."

Total disbursements to parties in interest, excluding the Debtor, but including holders of secured claims are $5,150.79. Pursuant to 11 U.S.C. §326, compensation should be computed as follows:

| | | |
|---|---|---|
| 25% of the First $5,000.00 | $1,250.00 | ($1,250.00 max.) |
| 10% of next $45,000.00 | $15.08 | ($4,500.00 max.) |
| 05% of next $950,000.00 | 0.00 | ($47,500.00 max.) |
| 03% of balance | 0.00 | |
| **TOTAL COMPENSATION** | **$1,265.08** | |

The undersigned certifies under penalty of perjury that no agreement or understanding exists between the undersigned and any other person for sharing of compensation prohibited by the Bankruptcy Code. No payments have previously been made or promised in any capacity in connection with the above case.

DATE: December 22, 2016                Respectfully Submitted

                                       R. SCOTT ALSTERDA, TRUSTEE

                                       /s/ R. Scott Alsterda

R. Scott Alsterda, Trustee
70 West Madison, Suite 3500
Chicago, IL 60602-4283
312-977-9203
rsalsterda@nixonpeabody.com

2

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| FASTRACK MEDICAL SUPPLIES, INC., | ) | Case No. 12-43245 |
| | ) | Honorable Donald R. Cassling |
| Debtor. | ) | |
| | ) | |

**EXHIBIT A**

**TASKS PERFORMED BY TRUSTEE**



EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| FASTRACK MEDICAL SUPPLIES, INC., | ) | Case No. 12-43245 |
| | ) | Honorable Donald R. Cassling |
| Debtor. | ) | |
| | ) | |

### EXHIBIT A TO TRUSTEE'S FIRST AND FINAL
### APPLICATION FOR COMPENSATION AND EXPENSES

### TASKS PERFORMED BY TRUSTEE

Now comes R. Scott Alsterda, the Trustee herein and for his statement of tasks performed in the administration of this estate states as follows:

### BACKGROUND

1. The Debtor filed its voluntary petition under Chapter 7 of the Bankruptcy Code on October 31, 2012 [Dkt. 1].

2. The Debtor's representative appeared at the Creditors' Meeting on December 20, 2012 and was examined by the Trustee regarding the Debtor's assets, liabilities and financial affairs.

3. The Trustee requested copies of certain financial documents and contracts at the Creditors' Meeting, and the meeting was continued from time to time so that the Trustee could review the documents provided by the Debtor's representative.

4. Following the Trustee's receipt and review of documents from the Debtor's representative, the Trustee determined that there may be assets that could be liquidated and distributed to creditors.

5. The Trustee filed an Initial Report of Assets [Dkt. 15] on January 25, 2013.

6. Among the assets which the Trustee felt could be liquidated and distributed to creditors were various amounts claimed to be due to the Debtor from the Illinois Department of Healthcare and Family Services ("IH & FS").

7. The Trustee attempted to verify the amounts claimed to be due the Debtor from IH & FS, however the Debtor's records did not appear to support the alleged receivables due from IH & FS.

8. The Trustee received a couple of small checks from IH & FS, however the Trustee believes that no additional amounts will be collected form IH & FS.

9. The Debtor's bankruptcy estate has been fully administered, the Trustee has reviewed the proofs of claim filed in the case, reviewed tax filing requirements and the case is ready to be closed after the funds are distributed.

## TASKS PERFORMED BY THE TRUSTEE

10. <u>Case Administration (B-110).</u> The Trustee spent approximately 0.30 hours related to various administrative tasks. These services included filing the asset notice, opening a checking account and updating the Trustee's Annual and Interim Property Reports.

11. <u>Asset Analysis and Recovery (B-120).</u> The Trustee spent approximately 3.80 hours related to asset analysis and recovery. These services included reviewing the Debtor's checking account and bank balance. The Trustee also reviewing the terms of a vehicle lease and the lease payments made by the Debtor for the vehicle. In addition, the Trustee reviewed various documents related to the IH & FS receivable and corresponded with the Debtor's counsel and IH & FS regarding the balance claimed to be due to the Debtor.

12. <u>Meetings of and Communications with Creditors (B-150).</u> The Trustee spent approximately 0.30 hours related to creditor communications. These services included

correspondence with counsel from the U.S. Department of Health and Human Services regarding its claim against the Debtor.

13.    Claims Administration Objections (B-310). The Trustee spent approximately 1.10 hours related to claims and potential claim objections. These services included the Trustee's review of each of the proofs of claims filed in this case and reconciliation of the claimed amount to the scheduled claims.

14.    Summary of Recorded Services. The following chart is a summary of the services provided by the Trustee from January 25, 2013 through September 15, 2016 as detailed in the Trustee's Billing Statement (see Exhibit B):

| Subject | Task Code | Hours | Value[1] |
|---|---|---|---|
| Case Administration | B-110 | 0.30 | $144.00 |
| Asset Analysis and Recovery | B-120 | 3.80 | $1,824.00 |
| Meetings of and Communications with Creditors | B-150 | 0.30 | $144.00 |
| Claims Administration Objections | B-310 | 1.10 | $528.00 |
| **TOTAL** | | **5.50** | **$2,640.00** |

15.    Expenses. During the Trustee's administration of this case, the Trustee incurred charges for postage in the amount of $6.31 and copies (10 cents per page) in the amount of $1.20 cents, for a total amount of $7.51 for which reimbursement is sought as reasonable and necessary expenses under 11 U.S.C. § 330.

16.    The Trustee's billing statement with narrative time entries, broken down according to the Uniform Task-Based Management System, Bankruptcy Code Set for the period January 25, 2013 through September 15, 2016, is attached to the Trustee's Fee Application as Exhibit "B."

---

[1] The value for the Trustee's services is based upon an hourly rate of $480.00.

3

## CLOSING THE CASE

17. The Trustee has prepared the Final Report and the accompanying exhibits and his Fee Application, and the Trustee will appear before the Court at the hearing on the Trustee's Fee Application and Final Report.

18. Thereafter, the Trustee will update his Distribution Report and issue the checks as set forth in the Distribution Report.

19. After the distribution checks clear, the Trustee will prepare and file his Final Account.

DATE: December 22, 2016					Respectfully Submitted

							R. SCOTT ALSTERDA, TRUSTEE

							/s/ R. Scott Alsterda

R. Scott Alsterda, Trustee
70 West Madison, Suite 3500
Chicago, IL  60602-4283
312-977-9203
rsalsterda@nixonpeabody.com

4

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| FASTRACK MEDICAL SUPPLIES, INC., | ) | Case No. 12-43245 |
| | ) | Honorable Donald R. Cassling |
| Debtor. | ) | |
| | ) | |

**EXHIBIT B**

**TRUSTEE'S DETAILED TIME RECORD**



EXHIBIT B



**FEDERAL I.D. NO. 16-0764720**

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

70 W. Madison St., Suite 3500
Chicago, IL 60602
T 312-977-4400
F 312-977-4405

RSA, Trustee for Fastrack Medical Supplies, Inc., Debtor
c/o R. Scott Alsterda
Ungaretti & Harris
3500 Three First National Plaza
Chicago, Illinois 60602

December 20, 2016

Invoice No. 9834597
Account: 295414

| Matter Summary | Fees | Disbursements | Total |
| --- | --- | --- | --- |
| 000001 – Trustee Work | $ 2,640.00 | $ 7.51 | $ 2,647.51 |
| **Total Fees, Costs and Other Charges** | **$ 2,640.00** | **$ 7.51** | **$ 2,647.51** |

| | |
| --- | --- |
| **Total Amount Due** | **$ 2,647.51** |

Nixon Peabody LLP
Invoice # 9834597     Page 2

000001 – Trustee Work

| Date | | Services | Professional | Hours | Rate | Charge |
|---|---|---|---|---|---|---|
| **B100 – Administration** | | | | | | |
| B110 – Case Administration | | | | | | |
| 01/25/13 | B110 | File asset notice for Chapter 7 case. | RSA | 0.10 | 480.00 | 48.00 |
| 04/29/13 | B110 | Review of annual report and 120 day letter. | RSA | 0.20 | 480.00 | 96.00 |
| | | **Total Hours for B110 – Case Administration** | | **0.30** | | **$144.00** |
| B120 – Asset Analysis and Recovery | | | | | | |
| 01/25/13 | B120 | Review of bank account balance check for Debtor and prepare check for deposit. | RSA | 0.30 | 480.00 | 144.00 |
| 05/01/13 | B120 | Draft memo to T. Wincek requesting information on BMW lease payments made by the Debtor. | RSA | 0.30 | 480.00 | 144.00 |
| 05/01/13 | B120 | Draft memo to T. Wincek regarding documentation for Healthcare and Family Services receivable. | RSA | 0.20 | 480.00 | 96.00 |
| 05/02/13 | B120 | Review of correspondence from T. Wincek regarding documentation for the Healthcare and Family Services receivable and the BMW leased vehicle. | RSA | 0.10 | 480.00 | 48.00 |
| 05/13/13 | B120 | Review of correspondence from T. Wincek regarding Trustee's request for information on leased luxury vehicle and documentation for receivable. | RSA | 0.10 | 480.00 | 48.00 |
| 05/14/13 | B120 | Review of Healthcare and Family Services documents and draft memo to T. Wincek on receivable due to Fastrack. | RSA | 0.60 | 480.00 | 288.00 |
| 06/24/13 | B120 | Preliminary review of correspondence from T. Wincek regarding receivables. | RSA | 0.20 | 480.00 | 96.00 |
| 06/25/13 | B120 | Review of accounts receivable information for Medicaid claims, the Illinois Healthcare and Family Services website for Fastrack's account and draft letter to Illinois Department of Healthcare and Family Services requesting account information and payment. | RSA | 0.80 | 480.00 | 384.00 |
| 10/04/13 | B120 | Review of outstanding receivables from the State of Illinois. | RSA | 0.50 | 480.00 | 240.00 |
| 10/07/13 | B120 | Review of two checks from Healthcare & Family Services and prepare checks for deposit into the Trustee's bank account. | RSA | 0.30 | 480.00 | 144.00 |
| 01/16/14 | B120 | Draft memo to T. Winzck regarding receivables collections from the State of Illinois. | RSA | 0.20 | 480.00 | 96.00 |

Nixon Peabody LLP
Invoice # 9834597    Page 3

000001 – Trustee Work

| Date | | Services | Professional | Hours | Rate | Charge |
|---|---|---|---|---|---|---|
| 01/22/14 | B120 | Correspondence with T. Wincek regarding status of medical receivables from the State. | RSA | 0.20 | 480.00 | 96.00 |
| | | **Total Hours for B120 – Asset Analysis and Recovery** | | **3.80** | | **$1,824.00** |
| B150 – Meetings of and Communications with Creditors | | | | | | |
| 04/29/16 | B150 | Review and revise annual property report. | RSA | 0.10 | 480.00 | 48.00 |
| 08/30/16 | B150 | Correspondence with M. Kelly regarding HHS claim against Fastrack. | RSA | 0.20 | 480.00 | 96.00 |
| | | **Total Hours for B150 – Meetings of and Communications with Creditors** | | **0.30** | | **$144.00** |
| **B300 – Claims and Plan** | | | | | | |
| B310 – Claims Administration Objections | | | | | | |
| 02/04/13 | B310 | Review of bar date for filing claims. | RSA | 0.10 | 480.00 | 48.00 |
| 05/01/13 | B310 | Review of claims filed in Chapter 7 case including reconciling filed claims to scheduled claims. | RSA | 1.00 | 480.00 | 480.00 |
| | | **Total Hours for B310 – Claims Administration Objections** | | **1.10** | | **$528.00** |

**Total Services**           **Hours   5.50**                                    **$ 2,640.00**

Matter 000001 – Trustee Work

| Date | Costs and Other Charges | | Charge |
|---|---|---|---|
| 11/30/16 | Copying | | 1.20 |
| | | **Total Copying** | **1.20** |
| 11/30/16 | Postage | | 6.31 |
| | | **Total Postage** | **6.31** |

**Total Costs and Other Charges for Trustee Work**                               **$ 7.51**

| No | Professional | Timekeeper Summary | Hours | Rate | Charge |
|---|---|---|---|---|---|
| 4995 | Alsterda, Scott | | 5.50 | 480.00 | 2,640.00 |
| | **Total for Trustee Work** | | **5.50** | | **2,640.00** |

Nixon Peabody LLP
Invoice # 9834597    Page 5

000001 – Trustee Work

| Phase-Task Code | Hours | Rate | Charge |
|---|---|---|---|
| **B110-Case Administration** | | | |
| Alsterda, Scott | 0.30 | 480.00 | $144.00 |
| **Totals for B110-Case Administration** | **0.30** | | **$144.00** |
| **B120-Asset Analysis and Recovery** | | | |
| Alsterda, Scott | 3.80 | 480.00 | $1,824.00 |
| **Totals for B120-Asset Analysis and Recovery** | **3.80** | | **$1,824.00** |
| **B150-Meetings of and Communications with Creditors** | | | |
| Alsterda, Scott | 0.30 | 480.00 | $144.00 |
| **Totals for B150-Meetings of and Communications with Creditors** | **0.30** | | **$144.00** |
| **B310-Claims Administration Objections** | | | |
| Alsterda, Scott | 1.10 | 480.00 | $528.00 |
| **Totals for B310-Claims Administration Objections** | **1.10** | | **$528.00** |
| **Total Services for Trustee Work** | **5.50** | | **$ 2,640.00** |

Nixon Peabody LLP
Invoice # 9834597    Page 6

| | Timekeeper Summary – All Matters | | | |
|---|---|---|---|---|
| No | Attorney | Hours | Rate | Value |
| 4995 | Alsterda, Scott | 5.50 | 480.00 | 2,640.00 |
| **Total for all Matters** | | **5.50** | | **2,640.00** |